**SUNBELT SAVINGS, FSB, DALLAS, TEXAS**

v.

**CASHIN CONSTRUCTION CO., INC. and Robert E. Cashin.**

**Civ. A. No. S–88–242–CA.**

United States District Court, E.D. Texas, Sherman Division.

April 14, 1990.

J.K. Ivey, Hopkins, Sutter & Clark, Irving, Tex., and Jack N. Ross, II, Haynes & Boone, Dallas, Tex., for Federal Sav. & Loan Ins. Co.

Ray Wheless, Wheless & Walker, Plano, Tex., for Cashin Const. Co., Inc. and Robert E. Cashin.

## ORDER

PAUL N. BROWN, District Judge.

On consideration of the Motion for Summary Judgment filed by the plaintiff Sunbelt Savings, FSB, it is the opinion of this Court that the motion should be granted.

Plaintiff Sunbelt Savings, FSB ("Sunbelt") commenced this action against the defendants to recover amounts due under a certain promissory note and a personal guaranty. The promissory note and guaranty in question were originally executed by the defendants in favor of Summit Savings Association ("Summit"). Subsequently, Summit was declared insolvent and the Federal Savings and Loan Insurance Corporation ("FSLIC") was appointed as its receiver. Acting in its capacity as receiver, the FSLIC then transferred certain assets of the failed institution to Sunbelt, including the promissory note and personal guaranty at issue here.

That the defendants are in default on their obligations to Sunbelt and that there are amounts due on the promissory note and guaranty has been sufficiently documented in the summary judgment record. The defendants, however, have raised numerous defenses to their obligations, including:

(1) Failure of consideration as to the personal guaranty;

(2) Accord and satisfaction;

(3) Release;

(4) Estoppel;

(5) Laches;

(6) Waiver;

(7) Breach of fiduciary duty;

(8) Violations of the Texas Deceptive Trade Practices and Consumer Protection Act; and

(9) Common law fraud and misrepresentation.

When the FSLIC acquired Summit's assets pursuant to its receivership functions, the FSLIC assumed the status of a holder in due course with respect to all the negotiable instruments it acquired from the failed institution. *FSLIC v. Murray*, 853 F.2d 1251, 1256–57 (5th Cir.1988). As a holder in due course, the FSLIC acquired the promissory note and guaranty in question free from all claims and all defenses of which the FSLIC had no knowledge, except for certain specific defenses, such as infancy and incapacity, that are not relevant here. When the FSLIC, acting in its receivership capacity, transferred the promissory note and personal guaranty to Sunbelt, Sunbelt acquired all the rights of the FSLIC, including the rights of a holder in due course. *See* Tex.Bus. & Com.Code § 3.201(a) (Vernon 1988). Although Sunbelt's rights as a holder in due course are analogous to those rights provided by the Uniform Commercial Code under state law, Sunbelt's status derives from the FSLIC's rights under federal common law. *FSLIC v. Murray*, 853 F.2d at 1256–57.

Under this federal holder in due course doctrine, all of the defendant's defenses to its obligations on the note and personal

guaranty are barred. *See FDIC v. Gulf Life Ins. Co.*, 737 F.2d 1513, 1518 (11th Cir.1984) (estoppel and waiver); *FDIC v. Leach*, 772 F.2d 1262, 1267 (6th Cir.1985) (failure of consideration); *Gunter v. Hutcheson*, 674 F.2d 862, 873 (11th Cir. 1982), *cert. denied*, 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982) (fraud and misrepresentation). The defendant's claims of release, accord and satisfaction, breach of fiduciary duty, and laches are also barred.

Neither defendants' answer to Sunbelt's complaint nor their response to Sunbelt's motion for summary judgment addresses the federal holder in due course doctrine. There is no claim that either the FSLIC or Sunbelt had any knowledge of any of the alleged wrongs committed by Summit. Accordingly, the defendants are simply left without any defense to their remaining obligations on the note and personal guaranty.[1] Therefore, it is

ORDERED that the plaintiff's Motion for Summary Judgment is GRANTED. This Court will enter judgment accordingly.

John G. Adami, Jr., Alice, Tex., for plaintiffs.

Wilson Calhoun, Meredith, Donnell & Abernethy, Corpus Christi, Tex., for defendants.

---

1. The defenses available to the Federal Deposit Insurance Corp., under *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942) are also available to the FSLIC. *Murray*, 853 F.2d at 1254. To the extent that such defenses are available to Sunbelt, as the FSLIC's immediate transferee, the defendants' claims of fraud, misrepresentation, waiver, release, accord and satisfaction, and breach of fiduciary duty are barred for this additional reason.